UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN THOMAS,

    Petitioner,

                                    Civil No. 06-CV-13282
-vs-                            HON. GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

H.J. MARBERRY,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

Bryan Thomas, ("petitioner"), presently confined at the Federal Correctional Institution in Milan, Michigan [FCI-Milan], seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges the decision from two prison disciplinary hearings conducted by the Bureau of Prisons (BOP) which resulted in the loss of good-time credits and other privileges. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was sentenced on July 18, 2001 by the United States District Court for the Eastern District of Louisiana to a ninety seven month term of imprisonment and three years' supervised release for wire fraud and money laundering, in violation of 18 U.S.C. §§ 1343 and 1956(a)(1)(A)(I). Petitioner's

1

conviction was affirmed on appeal. *United States v. Thomas,* 34 Fed. Appx. 150 (5th Cir. 2002).  Petitioner has a projected release date of August 22, 2008.

On December 9, 2005, BOP staff filed an incident report charging petitioner with refusing to provide a urine sample for drug testing.  A disciplinary hearing was conducted on January 5, 2006, after which petitioner was found guilty of refusing to provide a urine sample.  The Disciplinary Hearing Officer (DHO) based his decision on the reporting staff's statement that petitioner had been told on December 9, 2005 at 4:33 p.m. that he had two hours to provide staff with a urine sample, but that petitioner had failed to provide the urine sample by 6:33 p.m.  The DHO also relied on written statements from Mr. Zestos, a physician's assistant at the prison, and Dr. Matlantinski, which stated that neither the medications that petitioner had been taking nor his medical conditions would prevent petitioner from providing a urine sample.  Although acknowledging petitioner's statement that the medications which he was taking prevented him from providing a urine sample, as well as evidence of petitioner's good character given by a staff representative and a fellow inmate, the DHO gave greater weight of evidence to the statement from BOP reporting staff, as well as the statements from two staff members from the prison's Health Services.   Petitioner was sanctioned with loss of forty days good conduct time, sixty days disciplinary segregation, loss of visiting privileges for 180 days, followed by 180 days of restricted visitation.

On February 9, 2006, petitioner received a second incident report charging petitioner with refusing to provide a urine sample to BOP staff. The report stated that petitioner was notified at 7:20 a.m. that he needed to provide a urine sample within two hours. At 9:20 a.m., petitioner was given another hour to comply. When petitioner failed to provide a urine sample by 10:20 a.m., petitioner received the incident report.

A second hearing was conducted on February 16 and 23, 2006. At the hearing on February 16, 2006, petitioner told the DHO that he had problems urinating while under direct supervision, but was able to provide a urine sample on the previous day because the captain had allowed petitioner to take his time. On February 23, 2006, the DHO reconvened the hearing. At this second hearing, petitioner claimed that he attempted to provide a sample, drank a lot of water, was stripped, and was shaking. Petitioner informed the DHO that he appreciated that the captain let him provide a sample in a more comfortable environment; that he provided a sample the day before his last hearing (February 15, 2006); and that he was able to provide a urine sample more recently. Petitioner also submitted character evidence from a fellow inmate on his behalf.

The DHO found petitioner guilty of the charged violation, based on the reporting officer's statement, the captain's statement to the DHO, and a memo from the Special Investigative Services (SIS) Office, which indicated that petitioner had been locked up due to the introduction of contraband from gate

3

pass inmate. The SIS memo also indicated that petitioner had provided urine samples to BOP staff in the past without any difficulty. The DHO noted that the captain informed him that petitioner had provided BOP staff a urine sample on his own initiative, but the sample was voided because it was not provided in accordance with BOP policy. The captain also reported that petitioner had not provided any recent samples as he claimed, only the one which was voided because it was not collected in compliance with BOP protocol. Petitioner was sanctioned with the loss of 40 days good conduct time; the forfeiture of 30 days non-vested good conduct time; 60 days disciplinary segregation; and loss of visiting privileges for 365 days, to be followed by 365 days of restricted visiting privileges.

## II. Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001). Petitioner's current application is properly brought under Section 2241 because he is challenging the manner in which his sentence is being executed.

The Sixth Circuit has indicated that "[n]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F. 3d 483, 486 (6th Cir. 1995). "'Some evidence' is all that is needed" to support a prison

4

disciplinary board's decision. *Id.* (*citing to Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 455 (1985)); *See also Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003). In determining whether a decision of a prison disciplinary board is supported by evidence, a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams,* 63 F. 3d at 486 (*citing to Hill,* 472 U.S. at 455). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. Moreover, the evidence need not logically preclude any conclusion but the one reached by the hearing officer in the disciplinary proceeding. *Falkiewicz,* 271 F. Supp. 2d at 948. Thus, a hearings officer in a prison disciplinary proceeding is not required to find the prisoner guilty beyond reasonable doubt, or find that guilt was the only reasonable interpretation of the evidence. *See Mullins v. Smith,* 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998).

In the present case, there was some evidence to support the DHO's decisions to find petitioner guilty of refusing to provide a urine sample for drug testing, including the reporting officers' statements, witness statements and memos, which all stated that petitioner had refused to provide a urine sample on both occasions. Although petitioner stated that he was physically unable to provide a urine sample, the DHO placed greater weight on the letters from two

5

members from the prison's Health Services which indicated that neither petitioner's medications or medical conditions would prevent him from providing a urine sample.  Moreover, although petitioner claimed at the second disciplinary hearing that he successfully provided a urine sample at a later date, the DHO gave greater weight to the captain's testimony that petitioner never provided this sample.  The DHO also relied at the second hearing on a memo from SIS which stated that petitioner never had any problems providing urine samples in the past. Even if petitioner does not agree with the DHO's findings, there is some evidence that he did not provide the urine samples as requested.  Because the DHO's decisions are supported by "some evidence" in the record, petitioner is not entitled to habeas relief on his claim.

### III.  ORDER

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.**  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Dated:  April 5, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 5, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---